### WADE et al. v. WOLFSON.

(Supreme Court, Appellate Term. December 7, 1904.)

**1. PRINCIPAL AND AGENT—UNAUTHORIZED ACTS—RATIFICATION.**

> Where defendant's acts in relation to goods, alleged to have been purchased by him through the agency of his wife, who had no apparent authority to bind him, were in no way inconsistent with the actual oral contract made by defendant, whereby he was to sell the goods on commission, defendant could not be held as a purchaser on the theory of a ratification of his wife's unauthorized act.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action for goods sold and delivered by Martin J. Wade and others against Harry Wolfson. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Louis J. Somerville, for appellants.
James E. Smith, for respondent.

PER CURIAM. The defendant's wife had no apparent authority to bind him to the purchase of stock for his perfumery business, and, crediting his testimony, there was no ground for holding him to a ratification, his acts in relation to the goods being in no way inconsistent with the actual oral agreement made by him with the salesman, whereby he (defendant) was to sell the goods on commission. That this was the agreement, the justice has found upon a simple conflict of evidence, and there is nothing improbable in the defendant's assertion that he knew of no other.

Judgment affirmed, with costs.